IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:07-CR-16-FL-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CURTIS VARN MOTLEY, JR. | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release (DE 195) pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion was briefed fully and in this posture the issues raised are ripe for ruling.

**COURT'S DISCUSSION**

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy

statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020). Although nonbinding for defendant-filed motions for compassionate release,[1] U.S.S.G. § 1B1.13 provides the following "helpful guidance" for determining whether a defendant has established extraordinary and compelling reasons for compassionate release:

(A) <u>Medical Condition of the Defendant</u>.

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) <u>Age of the Defendant</u>. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) <u>Family Circumstances</u>.

    (i) The death or incapacitation of the caregiver of the defendant's

---

[1] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants. Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–83.

> minor child or minor children.
>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) <u>Other Reasons</u>. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, cmt. n.1; <u>McCoy</u>, 981 F.3d at 282 n.7 (explaining U.S.S.G. § 1B1.13 remains "helpful guidance" even for defendant-filed motions).

Here, defendant requests compassionate release based on his risk of infection with COVID-19 in a custodial setting and the accompanying risk of suffering severe complications from the disease due to his underlying health issues. After briefing on the motion was complete, defendant was released from incarceration to either a residential reentry center or home confinement to serve the final portion of his sentence. <u>See</u> Fed. Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/. And defendant has not filed supplemental briefing arguing that he remains at risk from COVID-19 following his transfer to community confinement. In these circumstances, defendant cannot establish extraordinary and compelling reasons for release where he has not shown that his current custodial placement increases the risk of infection with COVID-19. <u>See</u> <u>United States v. High</u>, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison.").

The court observes that <u>United States v. Malone</u>, 57 F.4th 167 (4th Cir. 2023) does not change the foregoing analysis. Although the <u>Malone</u> defendant was on home confinement, he requested compassionate release because Federal Bureau of Prisons ("FBOP") officials likely

3

would have ordered his return to custody at the end of the COVID-19 emergency. 57 F.4th at 172. Defendant, by contrast, has been placed on home confinement or in a residential reentry center for the final months of his sentence. See 18 U.S.C. § 3624(c). Unlike the situation in Malone, defendant does not face a significant risk of return to FBOP custody.[2]

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 195) is DENIED.

SO ORDERED, this the 7th day of July, 2023.

                                  LOUISE W. FLANAGAN
                                  United States District Judge

---

[2] To the extent defendant believes he remains eligible for compassionate release notwithstanding the fact that he has been transferred to home confinement or a residential reentry center, he may file a new motion for compassionate release. See United States v. Bethea, 54 F.4th 826, 833 n.2 (4th Cir. 2022) (noting that § 3582(c)(1)(A) "does not prevent prisoners from filing successive motions" for compassionate release).